## CONTROL OF JUDICIAL DISCRETION BY MANDAMUS.

Circuit Court of Hamilton County.

THE STATE OF OHIO ON THE RELATION OF HENRY T. HUNT, PROS-
ECUTING ATTORNEY OF HAMILTON COUNTY, OHIO, v. WILLIAM
L. DICKSON, JUDGE OF THE COURT OF COMMON PLEAS OF
HAMILTON COUNTY, OHIO.
PETITION.

Decided, June, 1911.

*Procedure in Criminal Cases—Election Between Indictments—Motions to Quash—Discretion of Trial Judge with Reference to—Extent to Which It May Be Controlled by Mandamus.*

1. Where a prosecuting attorney has intituted an action in mandamus in the circuit court to compel a common pleas judge to endorse an entry of election as between two indictments. against the same defendant, which entry the judge has refused to endorse for the reason that he has granted a motion to quash as to one of the indictments and purposes to make it applicable to both, the question whether the judge erred in his view as to the validity of the indictments is not raised, and the circuit court will look only to the soundness of the procedure, and if it is found not to be in accordance with law determine whether it may be corrected in an action in mandamus.

2. When the prosecutor elected upon which indictment he desired to proceed, it was the imperative duty of the trial judge (defendant

here) to enter the election upon the minutes of the court without waiting to pass upon the motion to quash.

3. But inasmuch as the circuit court could control the discretion of the trial judge no further than to require that the election of the prosecutor be noted, and would be without jurisdiction to require him to desist from making entries on the motions to quash pending a hearing in mandamus, the only relief which can be granted is to require that the election of the prosecutor be noted in order that he may preserve any legal right to a review which he may have in the premises.

The relator is the duly elected, qualified and acting prosecuting attorney of Hamilton county, Ohio, and is required by law to prosecute on behalf of the state of Ohio all complaints, suits and controversies in which the state is a party within said county.

Defendant is a duly elected, qualified and acting judge of the Court of Common Pleas of Hamilton County, Ohio, and was on the 4th day of April, 1911, designated and assigned by Hon. Charles J. Hunt, Presiding Judge of the Court of Common Pleas of Hamilton County, Ohio, under the compulsion of a writ of mandamus issued against him by this court, to hear the causes of the State of Ohio v. George B. Cox, then pending in said court of common pleas, and being indictments for perjury.

On the 10th day of April, 1911, there were pending against said George B. Cox in said court two indictments for the same offense, perjury, to-wit, the indictment in case No. 16408, and the indictment in case No. 16466, as known and numbered on the docket of said court, and on said 10th day of April, 1911, defendant by his counsel filed in each of said causes, to-wit, No. 16408 and No. 16466, a motion to require the prosecuting attorney to elect upon which of said indictments he would proceed.

On the 29th day of April, 1911, said Henry T. Hunt, as prosecuting attorney of Hamilton county, Ohio, presented to said William L. Dickson, as judge aforesaid, in each of said causes, to-wit, No. 16408 and No. 16466, an entry of election by which said entries he elected, in accordance with the statute in such case made and provided, to proceed against said defendant, George B. Cox, on the indictment in case No. 16408, copies of which said entries together with orders requiring said election to be made are hereto attached, and requested said defendant,

William L. Dickson, as judge as aforesaid, to order said entries of election to be made and entered in each of such cases, to-wit, No. 16408 and No. 16466, which said William L. Dickson, as judge aforesaid, then declined and refused to do and still declines and refuses to do.

Wherefore relator prays that a writ of mandamus issue commanding said William L. Dickson, as judge of the court of common pleas, to order said entries of election by said relator to be made and entered in said causes, to-wit, No. 16408 and No. 16466 on the docket of the Court of Common Pleas of Hamilton County, Ohio, said causes being entitled "State of Ohio v. George B. Cox," and being indictments for perjury, and that said William L. Dickson be ordered to refrain from taking any other steps or making any other orders or entries in said cause No. 16466.

### Entries of Election.

"Now comes Henry T. Hunt, Prosecuting Attorney of Hamilton County, Ohio, in accordance with the former order of the court and the statute in such case made and provided, and elects to proceed to trial against this defendant upon the indictment filed in this case, to-wit, No. 16408, State of Ohio vs George B. Cox, indictment for perjury."

"Now comes Henry T. Hunt, Prosecuting Attorney of Hamilton County, Ohio, in accordance with the former order of the court and the statute in such case made and provided, and elects to proceed to trial against this defendant upon the indictment filed in case No. 16408, State of Ohio vs George B. Cox, indictment for perjury."

### Order For Election Between Two Indictments.

It appearing to the court, on the motion of defendant, that the prosecuting attorney be ordered to elect upon which of two indictments he will proceed to trial, that there are pending against this defendant two indictments for the same crime, to-wit, that in case No. 16408, State of Ohio vs George B. Cox, indictment for perjury, and that in case No. 16466, State of Ohio vs George B. Cox, indictment for perjury, it is ordered that the prosecuting attorney elect upon which he will proceed to trial.

ORDERS FOR ELECTION BETWEEN TWO INDICTMENTS.

It appearing to the court, on the motion of defendant, that the prosecuting attorney be ordered to elect upon which of two indictments he will proceed to trial, that there are pending against this defendant two indictments for the same crime, to-wit, that in case No. 16408, State of Ohio vs George B. Cox, indictment for perjury, and that in case No. 16466, State of Ohio vs George B. Cox, indictment for perjury, it is ordered that the prosecuting attorney elect upon which he will proceed to trial.

BY THE COURT (DUSTIN, ALLREAD AND FERNEDING, JJ., of the Second Circuit, sitting in place of the Judges of the First Circuit).

It is conceded that the action of the defendant as judge of the common pleas court in quashing the indictments hereinafter referred to, is not before us for consideration on its merits, viz., as to whether said judge erred in his views of the law with reference to the validity of said indictments.

We are called upon merely to determine the soundness of his procedure; and, if not in accordance with law, whether, in an action in mandamus, we may correct it.

The proceedings involved are as follows: two indictments were brought to the court's attention, No. 16408 and No. 16466, each charging the crime of perjury against George B. Cox. They are identical, except that in the second the word "lawfully" is introduced in a certain place before the word "sworn." It is conceded that both indictments charge the same criminal act.

With reference to these indictments, defendant Cox first filed a motion to require the prosecutor to elect upon which one he would proceed.

Without waiting for action upon that motion the defendant filed motions to quash both indictments. Subsequently, and before action by the court upon the motions to quash, the prosecutor himself elected to proceed upon indictment No. 16408, and asked the court to note this election of record. Without taking any action upon the prosecutor's election, and his demand for an order with reference thereto, the court proceeded to pass upon the motions to quash, sustaining the same, in a written decision filed with the clerk. A motion for a rehearing was filed

in each case, but neither one of them has yet been formally disposed of.

On the same day, and before any entry of the court's decision was made in the journal, this action was brought to compel the defendant to enter upon the minutes of the common pleas court the election of the prosecutor to proceed upon indictment No. 16408.

Responding to the prayer of the petition (which contained no mention of the action of defendant upon the motions to quash), the circuit court issued an alternative writ of mandamus requiring the defendant to enter the "election" referred to, or show cause why he should not do so, on a day fixed by the court; and, meantime, ordered him "to refrain from taking any other steps, or making any other orders or entries in case No. 16466."

After conferences between counsel on both sides and the judge, with reference to the form of journal entries to be made concerning the action of the court on the motions to quash, without reaching an agreement, entries in both cases were finally recorded by the clerk in the absence and without the consent of the prosecutor, and without indorsement by the judge, upon the theory that it was the clerk's duty to enter up the judgments of the court; the judge, by refusing indorsement, seeming to act in obedience to the command of the circuit court forbidding him to make orders of any kind in reference to indictment No. 16466.

Upon discovery of the entries made by the clerk, the prosecutor filed motions to expunge the same from the record.

Upon the above record and findings of facts, we have reached the following conclusions:

First. The majority of the court are of the opinion that the prosecutor having elected to proceed under indictment No. 16408 (in accordance with Section 13578 of the statutes), it then became the imperative duty of the defendant judge to order such election entered upon the journal, without waiting to pass upon the motions to quash.

(The minority member of the court is of the opinion that Judge Dickson exercised a judicial discretion in passing first upon the motions to quash, rather than the prosecutor's motion to enter an election; the former being first in order and vital to the case; and the sustaining of which would render an election unnecessary.)

Second.   We are unanimously of the opinion that the circuit court was without authority (in mandamus) to direct the common pleas judge "to refrain from taking any other steps or making any other orders or entries in case No. 16466." That was an attempt to control his judicial discretion. The authority of the circuit court to direct the action of the common pleas in the matter in controversy is, under the most favorable view, limited to the requirement of noting an election.

Third.   These views make it unnecessary to pass upon the questions as to when the action of the court on the motions to quash became effective, and as to the validity of the record made therein by the clerk; for, even if the judgment of the court be not yet effective (as the prosecutor claims), it may be made so at any instant.

It therefore appears that any action of this court will probably be wholly ineffective to keep alive either of said indictments; but entertaining the view (as the majority of the court do) that the common pleas judge should have immediately ordered the entry of election, pursuant to the request of the prosecutor, the writ prayed for is granted to that extent, in order to enable the prosecutor to save any legal rights of review he may have in the premises. Exceptions may be noted.

### Judgment Allowing Peremptory Writ.

This cause came on to be heard upon the demurrer of the defendant to the reply and was argued by counsel; on consideration whereof the court overruled said demurrer; to which defendant excepted. And thereupon the cause coming on to be heard upon the petition, the answer, the reply and the evidence and being argued by counsel, the court find upon the issue joined for the relator and that he is entitled to a peremptory writ of mandamus herein.

It is therefore ordered, adjudged and decreed that a peremptory writ of mandamus issue against the said William L. Dickson, Judge of the Court of Common Pleas of Hamilton County, Ohio, commanding him to make the following entry on the journal of said court as of April 29, 1911, in said case No. 16408, to-wit: "Now comes Henry T. Hunt, Prosecuting Attorney of Hamilton County, Ohio, in accordance with Section 13578 of the General

Code, and elects to proceed to trial against the defendant upon the indictment filed in this case, to-wit, No. 16408, State of Ohio vs George B. Cox, indictment for perjury," and to make the following entry on the journal of said court as of April 29, 1911, in said case No. 16466, to-wit: "Now comes Henry T. Hunt, Prosecuting Attorney of Hamilton County, Ohio, in accordance with Section 13578 of the General Code, and elects to proceed to trial against the defendant upon the indictment filed in case No. 16408, State of Ohio vs George B. Cox, indictment for perjury."

The court finds that the order entered herein on May 22, 1911, in so far as it directed the defendant to refrain from taking any other steps or making any other orders or entries in said case No. 16466 was without authority of law and the defendant is hereby relieved from compliance therewith. Said writ of mandamus shall issue without penalty. To all of which counsel for the defendant excepts.